Melvin Roy Hastings and Esther A. Hastings v. Commissioner.
Hastings v. Commissioner
Docket No. 63492.
United States Tax Court
T.C. Memo 1957-202; 1957 Tax Ct. Memo LEXIS 47; 16 T.C.M. (CCH) 928; T.C.M. (RIA) 57202; October 29, 1957
Edwin J. Welsh, Esq., 413 Equitable Building, Portland, Ore., for the petitioners. John D. Picco, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The Commissioner has determined a deficiency in income tax against the petitioners for the taxable year 1954 in the amount of $240. The sole issue for our consideration is whether respondent has erred in denying as a dependency exemption the two children of petitioner Melvin Roy Hastings, Michael Hastings and Barbara Hastings. The stipulated facts are found accordingly. [Findings of Fact] Petitioners reside in Portland, Oregon. Because Esther A. Hastings is joined as petitioner in this case solely because of the filing of a joint income tax return with her husband, Melvin Roy Hastings, the term "petitioner" hereinafter *48 used has reference solely to him. Petitioner filed his joint income tax return for 1954 with the district director of internal revenue for the district of Oregon. Petitioner was formerly married to Edith M. Hastings, now Edith M. Mickelson. On May 4, 1948, Edith obtained a divorce from petitioner by decree of the District Court, Fourth Judicial District, McLean County, North Dakota. Their two children, Michael and Barbara, were placed in the custody of Edith by said decree, and petitioner was required thereby to pay for their support and maintenance the sum of $25 a week during their minority or until a further order of the court. This amount was, by order of the court in 1949, reduced to $20 per week. In 1954 Barbara was 8 years old and Michael was 10. Both are dependents within the meaning of sections 151 and 152, Internal Revenue Code of 1954. During that entire year they lived with their mother and their foster father, Oscar Mickelson, in Jamestown, North Dakota. Petitioner has claimed Michael and Barbara as dependents in his 1954 income tax return and their mother Edith and her present husband Oscar have also claimed the children as dependents in their *49 joint income tax return for said year, filed at Fargo, North Dakota. The Commissioner has disallowed the dependency credit claimed by petitioner and has allowed such credit as claimed by Edith and Oscar Mickelson. There is no dispute but what the total amount of contribution to the support of the minor children involved on the part of their father, petitioner herein, was $680 for the year 1954. The only question necessary to resolution of this issue is whether or not petitioner furnished more than 50 per cent of the total support of each of said children during the year 1954. [Opinion] Careful consideration of the entire record convinces us that the following facts are true and we therefore find that Edith and Oscar Mickelson's combined total income for 1954 was $3,445; that during the year 1954 they lived in a rented apartment with Michael and Barbara and two children born to Edith and Oscar since their marriage, which was subsequent to her divorce from petitioner; that their general family expenses totaled approximately $2,578 and consisted of rent, life insurance premiums, hospital insurance, automobile insurance, car license fee, personal property taxes, expense of operation *50 of the family car, food and milk, utilities, and cost and expenses of washing the family laundry. We find from the record that of this amount, one-half of $857 was furnished for support of Barbara and one-half for the support of Michael. For the year involved, clothing for Michael was purchased by his mother and her husband in at least the amount of $151.86 and like purchases were made for Barbara in the amount of $156.46, or a total of $308.32. Other expenditures were made by the Mickelsons for the two children involved directly, being necessary medicines, vitamins, tooth paste, school supplies, school books, toys, haircuts and a permanent wave, admission fees at a swimming pool, weekly allowances, vacation expenses, Christmas allowances and Christmas gifts, dentist fees, glasses for Michael, and beds and bedding for the two children, all of such expenses totaling at least $314.20, $103.62 of which was expended for Barbara and $210.58 of which was expended for Michael. The aggregate expenses thus advanced by the Mickelsons for the support of Michael and Barbara was $1,479. It follows that petitioner's contribution to their support being only $680, or $340 for each child, he has furnished *51 for the year 1954 less than half the conservative cost of their support. We therefore hold for the respondent. Decision will be entered for the respondent